IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

UNITED STATES OF AMERICA,     *

    Plaintiff,         *

vs.                       *     CASE NO. 4:20-CV-28 (CDL)

WESLEY ADAM KROLL,       *

    Defendant.        *

_____

O R D E R

Now pending before the Court is the Government's motion for a default judgment on the fourth count of its complaint, disgorgement. The Court previously granted the Government's motion for default judgment as to counts one through three and entered a permanent injunction that, among other things, enjoined Defendant from acting as a federal tax preparer. *See* Order Granting Mot. for Default J., ECF No. 16. Defendant moved for relief from the Court's order pursuant to Federal Rule of Civil Procedure 60(b), but the Court denied that motion. *See* Order Denying Mot. for Relief from J., ECF No. 31. Defendant filed a notice of appeal of that order, and that appeal is still pending.[1]

---

[1] Neither party contests the Court's jurisdiction over the Government's pending motion despite Defendant's filing of a notice of appeal. "The filing of a notice of appeal generally divests a district court of jurisdiction as to those issues involved in the appeal." *United States Commodity Futures Trading Comm'n v. Escobio,* 946 F.3d 1242, 1251 (11th Cir. 2020) (per curiam). The Court finds that it has jurisdiction over this motion despite the notice of appeal. The issue before the court of appeals is whether the Court properly denied Defendant's Rule 60(b)

Although he sought relief from the Court's order granting default judgment and issuing a permanent injunction, Defendant has not explicitly moved to set aside the default. Nor has he responded to the Government's pending motion for default judgment. Therefore, he has admitted the allegations in the Government's complaint. *See, e.g.*, *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1339 (11th Cir. 2014) (instructing that "a defaulted defendant is deemed to have admitted the movant's well-pleaded allegations of fact"). Defendant has thus admitted that he received ill-gotten gains by charging fees for the preparation and filing of tax returns that claimed false education credits for customers who did not qualify for those credits. Compl. ¶ 159, ECF No. 1. By doing so, he failed to comply with the requirements of the internal revenue code's American Opportunity Tax Credit program. *See* 26 U.S.C. § 25A (outlining requirements for the program); 26 U.S.C. § 6695(g) (penalizing any tax preparer who "fails to comply with due diligence imposed by the Secretary by regulations with respect to determining . . . eligibility for, or the amount of, the credit

---

motion. Defendant has not appealed and the court of appeals is thus not considering the Court's order granting default judgment on counts one through three of the Government's complaint and issuing the permanent injunction. The issues involved in the appeal are therefore not the same issues that the Court must consider in deciding the Government's pending motion for default judgment on its disgorgement claim. *See Am. Bankers Ins. Co. of Fla. v. Nw. Nat. Ins. Co.,* 198 F.3d 1332, 1338 (11th Cir. 1999) ("An appeal of a ruling on a Rule 60(b) motion . . . is narrow in scope, addressing only the propriety of the denial or grant of relief and does not raise issues in the underlying judgment for review.").

allowable by . . . 25A(a)(1)"); *see also* 26 U.S.C. § 6701 (penalizing anyone who knowingly helps prepare a tax return that understates tax liability).

26 U.S.C. § 7402(a) provides that the "district courts of the United States . . . shall have such jurisdiction . . . to render such judgment and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." Here, the Court finds it appropriate to order Defendant to disgorge his ill-gotten gains to enforce the internal revenue laws. *See United States v. Stinson*, 729 F. App'x 891, 899 (11th Cir. 2018) (per curiam) (affirming district court's disgorgement order under § 7402(a) where a tax preparer violated the internal revenue code). But "before entering a default judgment for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (per curiam).[2]

---

[2] Although Rule 55(b)(2)(B) provides that the Court "may conduct hearings . . . to determine the amount of damages" the Eleventh Circuit has "held that no such hearing is required where all essential evidence is already of record." *S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); *see Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1543-44 (11th Cir. 1985) (quoting *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) (per curiam)) (explaining that a "judgment of default awarding cash damages could not be properly entered 'without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation'"); *see also Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (noting that

"Disgorgement is an equitable remedy intended to prevent unjust enrichment." *Stinson*, 729 F. App'x at 899 (quoting *S.E.C. v. Levin*, 849 F.3d 99, 1006 (11th Cir. 2017)). "To be entitled to disgorgement, the Government need only produce a reasonable approximation of the defendant's ill-gotten gains." *Id.* "Exactitude is not a requirement; so long as the measure of disgorgement is reasonable, any risk of uncertainty should fall on the wrongdoer whose illegal conduct created that uncertainty." *Id.* (quoting *S.E.C. v. Calvo*, 378 F.3d 1211, 1217 (11th Cir. 2004)). "Nonetheless, a court's power to order disgorgement is not unlimited." *Id.* "It extends only to the amount the defendant profited from his wrongdoing." *Id.* "Yet in cases involving the operation of a fraudulent business, courts accept gross receipts obtained by the defendant as a reasonable measure of disgorgement." *Id.* "Disgorgement of gross revenues is appropriate because wrongdoers are not entitled to deduct costs associated with committing their illegal acts." *Id.* "Additionally, once the plaintiff presents a reasonable approximation, the burden shifts to the defendant . . . to disprove this amount." *Id.*

---

the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981). "Damages may be awarded only if the record adequately reflects the basis for award via 'a hearing or a demonstration by detailed affidavits establishing the necessary facts.'" *Adolph Coors*, 777 F.2d at 1544 (quoting *Freeman*, 605 F.2d at 857). Neither party sought a hearing on damages, and the Court finds that the Government has provided sufficient evidence establishing that the damages are capable of mathematical calculation such that a hearing is unnecessary.

Here, the Government has presented a reasonable approximation of Defendant's ill-gotten gains.  It cites the declaration of Deborah Reynolds, a revenue agent with the Internal Revenue Service, in which she declared that she reviewed IRS records of Defendant's tax preparation activities for the tax years 2012 through 2018 and other related evidence and found that he prepared and filed a total of 2,124 tax returns during that time period. Reynolds Decl. ¶¶ 1, 3, 10 ECF No. 36-5.  She further found that, out of those 2,124 tax returns, 811 included improper education credits claimed pursuant to the American Opportunity Tax Credit program, "a partially refundable education credit that reduces a taxpayer's tax liability and may entitle them to a payment from the U.S. Treasury of up to $1,000." *Id.* ¶¶ 11, 13.  The program requires eligible taxpayers to have a Form 1098-T, which is provided to them by eligible education institutions; the program further requires education institutions to file Forms 1098-T with the IRS "for each enrolled student for which a reportable transaction is made." *Id.* ¶ 11.

Reynolds discovered that 38.18% of the tax returns filed by Defendant during this time period included claimed education credits that either lacked a corresponding Form 1098-T or otherwise failed to include evidence of qualifying education expenses under the American Opportunity Tax Credit program.  *Id.* ¶¶ 13-14.  She also analyzed business records demonstrating that Defendant

received $582,826.25 in preparation fees for returns filed by him or preparers in stores that he owned, managed, or operated from 2013 to 2019 for the corresponding tax years. *Id.* ¶ 15; *see* Pl.'s Mot. for Default J. Ex. A, Indep. Contractor Manager Agreement (Dec. 6, 2018), ECF No. 36-2; Pl.'s Mot. for Default J. Ex. C, ODT Servs. Forms 1099-MISC, ECF No. 36-4 (showing Defendant received the following fees: $108,733 in 2013, $119,352 in 2014, $96,227 in 2015, $126,983 in 2016, $78,501 in 2017, $98,283.25 in 2018, and $68,747 in 2019).

Reynolds considered each tax year and calculated the percentage of fees that Defendant received as the result of preparing and filing tax returns that included false education credits. *Id.* ¶ 16. For example, in 2012, Defendant prepared 822 tax returns and was paid $108,733 for filing those returns, but he improperly claimed false education credits for 322, or 39.72%, of those returns. *Id.* As such, $43,188.75 of the total $108,733 resulted from tax returns that included false education credits for that year. *Id.* Reynolds calculated that Defendant received the following fees for preparing and filing returns that claimed at least one false education credit: $48,791.10 for tax year 2013, $4,541.91 for 2014, $5,460.27 for 2015, $769.31 for 2016, $3,892.02 for 2017, and $1,299.32 for 2018. *Id.* In total, Defendant received $107,942.68 in fees related to tax returns that included false education credits. *Id.* The Government asserts that the

Court should order Defendant to disgorge $107,942.68 based on this evidence because that amount constitutes a "reasonable approximation" of his ill-gotten gains.

The Court finds that the Government's disgorgement calculation is reasonable and supported by the record. The Government reasonably determined that Defendant profited by filing tax returns that improperly claimed false education credits in violation of the internal revenue code. It also established that only a percentage Defendant's fees was the result of returns that claimed false education credits and only seeks that percentage as opposed to all of Defendant's profits from that time period. Although he entered an appearance in this action and is represented by counsel, Defendant failed to respond to the Government's motion for default judgment. Accordingly, the Government is entitled to disgorgement in the amount of $107,942.68.

For these reasons, the Government's motion for default judgment (ECF No. 36) is granted. The Clerk is directed to enter default judgment in favor of the Government against Defendant in the amount of $107,942.68.

IT IS SO ORDERED, this 12th day of August, 2021.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA